IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAR LABORATORIES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 12 C 7134 |
| v. | ) |
| | ) Judge Bucklo |
| GREAT AMERICAN E&S | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**JAR LABORATORIES' LR 56.1(a)(3)**
**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff JAR Laboratories LLC ("JAR"), pursuant to LR 56.1(a)(3), submits this statement undisputed material facts in support of its motion for summary judgment summary judgment on Counts I and II of its complaint and Counts I through VI of the counterclaim filed by Great American E&S Insurance Company ("GAIC").

**PARTIES, JURISDICTION AND VENUE**

1. JAR is a Nevada limited liability company, with its principal place of business in Elmhurst, Illinois. (GAIC Answer, Affirmative Defenses and Counterclaim (Doc. No. 6), attached as Exhibit 1, at App 4, ¶ 5[1]

2. GAIC is a Delaware corporation with its principal place of business in Cincinnati, Ohio, and is authorized to do business in the State of Illinois. (App 4, ¶ 6)

---

[1] The pages of the exhibits to the Local Rule 56.1 statement have been sequentially numbered from App 1 through App 236.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), because the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. (App 4, ¶ 7)

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to JAR's claim for a declaratory judgment occurred in this District. The GAIC policies under which JAR claims coverage were issued to JAR in this District, and the underlying suit against JAR, for which JAR claims coverage, was filed in this District. (App 4-5, ¶ 8)

## FACTS

5. The plaintiff in the Underlying Action, Teikoku Pharma USA, Inc. ("TPU"), imports the Lidoderm® patch, a prescription-only patch that contains lidocaine. (App 60, ¶ 15, App 78, ¶ 15)

6. TPU alleges that Lidoderm®'s formulation makes it more effective and potentially less irritating than other topical lidocaine formulations. (App 60, ¶ 14; App 78, ¶ 14)

7. TPU alleges that JAR was formed in 2011 to develop and sell over-the-counter topical analgesics. JAR's first product, LidoPatch®, is an adhesive patch containing lidocaine. (App 59-60, ¶¶ 9, 16)

8. GAIC issued to JAR two liability policies, both effective from December 1, 2011 to December 1, 2012. (App 5, ¶ 10; Policy No. PL-4432835-

00 (the "Primary Policy"), App 97-168; Policy No. XS 4432836-00 (the "Excess Policy"), App 170-198)

9. The GAIC policies provide coverage for, among other things, "personal and advertising injury" liability, which is defined as:

> [I]njury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> \* \* \*d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services….

(App 5-6, ¶ 11; App 122, ¶ 14)

10. The policy form of the Primary Policy contains an exclusion for "Infringement of Copyright, Patent, Trademark or Trade Secret," which excludes:

> "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement."

(App 112, ¶ i)

11. The Primary Policy contains two endorsements concerning intellectual property infringement. An "Advisory Notice to Policyholders, titled "Exclusion of Claims and 'Suits' Alleging Infringement of Intellectual Property," reads:

> This Notice provides information concerning the following new endorsement, which applies to your renewal policy being issued by us:
>
> **Exclusion of Claims and 'Suits' Alleging Infringement of Intellectual Property**
>
> **AES 3258 07 11**

3

> This endorsement replaces the current Intellectual Property Exclusion Amendment in your policy with a revised exclusion titled **Exclusion of Claims and "Suits" Alleging Infringement of Intellectual Property**. The revised exclusion reinforces the scope of the intellectual property exclusion by barring all coverage where any part of a claim or suit arises out of any actual, alleged, or threatened misappropriation, infringement, or violation of any intellectual property right or law.

(App 138)(emphasis in original).

12. The revised "Exclusion of Claims and Suits Alleging Infringement of Intellectual Property" states, in pertinent part:

> I. **Coverage B – Personal and Advertising Injury Liability, 2. Exclusions, I. Infringement of Copyright, Patent, Trademark or Trade Secret**, is deleted and replaced by the following:
>
> **i. Claim or Suit Alleging Infringement of Intellectual Property**
>
> (1) Any claim or "suit" that alleges "personal and advertising injury" arising out of any actual, alleged, or threatened misappropriation, infringement, or violation of any one or more of the following rights or laws:
>
> (a) copyright;
>
> (b) patent;
>
> (c) trademark;
>
> (d) trade name;
>
> (e) trade secret;
>
> (f) trade dress;
>
> (g) service mark;
>
> (h) slogan;
>
> (i) service name;
>
> (j) claim of authorship;
>
> (k) other right to or law recognizing an interest in any expression, idea, likeness, name, style of doing business, symbol, or title;

4

> (l) laws or regulations concerning piracy, unfair competition, unfair trade practices, or other similar practices; or
>
> (m) any other intellectual property right or law.
>
> This exclusion applies whether such misappropriation, infringement, or violation is committed in your "advertisement" or otherwise.
>
> (2) Any other "bodily injury," "property damage," "personal and advertising injury," or medical expenses alleged in a claim or "suit" that also alleges any misappropriation, infringement, or violation excluded by paragraph (1) of this exclusion.

(App 136-137)(emphasis in original).

13. The Primary Policy includes an exclusion titled "Quality or Performance of Goods – Failure to Conform to Statements," which purports to exclude from coverage "'[p]ersonal and advertising injury' arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your 'advertisement.'" (App 112, ¶ g)

14. The Primary Policy includes an exclusion titled "Material Published Prior to Policy Period," and excludes liability for "'[p]ersonal and advertising injury' arising out of oral or written publication of material whose first publication took place before the beginning of the policy period." (App 111, ¶ c)

15. TPU's initial complaint in the Underlying Action complained of a February 2012 press release by JAR announcing the introduction of LidoPatch®:

> JAR Laboratories announces the launch of their new over-the-counter pain relief patch, Lidopatch®, which contains the same active ingredient as the leading prescription patch. This new product will be ready to ship to distributors and retailers in mid-February and is poised to become a major product in the topical analgesic category. With its proven pain relieving active ingredients, lidocaine, LidoPatch® can provide relief for minor pain associated with: arthritis, simple backache, bursitis, tendonitis muscle strains and sprains. Like the prescription brand, LidoPatch® will provide

    relief for up to 24 hours. The patches are large, 4"x5 1/2" (10cm x 14cm), and can be trimmed to fit.

(App 61, ¶ 18)

    16.    Around that same time, JAR announced LidoPatch® on its website, www.lidopatch.com, displaying a picture of the proposed packaging for the LidoPatch® product. (App 62, ¶ 19)

    17.    On March 14, 2012, TPU filed suit against JAR (Civil Action No. 12 C 1864), alleging that JAR's comparison misleadingly conveyed the message that LidoPatch® was the same product as Lidoderm®, when LidoPatch® in fact has a different formulation that is likely to affect lidocaine absorption, adhesiveness and skin irritation. (App 9, ¶ 18; App 63, ¶ 21)

    18.    JAR notified GAIC of TPU's complaint and requested a defense. (App 10, ¶ 19)

    19.    GAIC refused and filed this suit for a declaratory judgment concerning its obligations under the GAIC Policies. (Civil Action No. 12 C 3303, filed May 2, 2012)

    20.    In its responses to JAR's interrogatories, TPU asserted that JAR had made additional disparaging statements about TPU's Lidoderm® product. Counsel for JAR forwarded these interrogatory responses to counsel for GAIC. (July 11, 2012 email from M. Holzhall to S. Baldwin, attached as Exhibit 2, App 200-217)

    21.    On August 14, 2012, counsel for GAIC advised JAR's counsel that GAIC would assume the defense of the Underlying Action under a reservation of

rights. (App 12, ¶ 23; App 70) Later that day, GAIC's declaratory judgment action was dismissed without prejudice at GAIC's request. (App 12, ¶ 23)

22.     On August 28, 2012, counsel for TPU advised JAR's counsel that TPU would seek to file an amended complaint in the Underlying Action. (App 13, ¶ 25) The proposed amended complaint incorporated the allegations of disparagement disclosed in its interrogatory responses, repeated TPU's federal false advertising claim and added state law claims based upon the same allegations of false advertising as those giving rise to TPU's federal claim. (App 79-84, ¶¶ 19-29)

23.     Counsel for JAR forwarded the proposed amended complaint to GAIC's counsel, and on August 31, 2012, GAIC formally denied coverage for the Underlying Action, relying on the "Exclusion of Claims and 'Suits' Alleging Infringement of Intellectual Property." (App 13-14, ¶ 26; August 31, 2012 letter from S. Baldwin to M. Holzhall, attached as Exhibit 3, App 233)

24.     TPU filed its amended complaint in the Underlying Action on September 5, 2012. (App 4, ¶ 27) Neither the initial complaint nor the amended complaint alleged infringement or misappropriation of any of TPU's intellectual property. (App 57-67; App 75-95)

7

Respectfully submitted,

/s/ Marianne C. Holzhall
Annette M. McGarry (#6205751)
  amm@mcgarryllc.com
Marianne C. Holzhall (#6204057)
  mch@mcgarryllc.com
McGarry & McGarry, LLC
120 North LaSalle Street, Suite 1100
Chicago, IL 60602
(312) 345-4600

Attorneys for JAR Laboratories LLC